## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| Dominique Wilkins and Wilkins & | ) | |
| Longman Management Group, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.:_____ |
| | ) | |
| AmeriHealth Partners, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS' COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

COME NOW Dominique Wilkins and Wilkins & Longman Management Group, LLC (Plaintiffs) and file their Complaint for Damages and Injunctive Relief. Plaintiffs hereby show as follows:

Plaintiff Dominique Wilkins is an NBA Hall of Fame basketball player. Wilkins & Longman Management Group, LLC is by contract the manager for the marketing of the name, image, and likeness of Dominique Wilkins. Plaintiffs are requesting damages for the unauthorized use of the name, image, and likeness of Dominique Wilkins by the Defendant for financial gain in marketing products in over 7,400 pharmacies and drug stores nationwide. Plaintiffs are also requesting the

Defendant be immediately enjoined from further unauthorized use of Dominique Wilkins' name, image and likeness in the marketing and sales of its products.

## **INTRODUCTION**

1.

Plaintiffs' claims are made pursuant to 15 U.S.C. §1125(a)(1)(Section 43 of the Lanham Act) for Defendant's unauthorized use of the name, image, and likeness of Dominique Wilkins which constitutes false endorsement and false advertising for Defendant's financial gain.

2.

Plaintiffs' claims also arise under the State of Georgia's common law doctrine of the right to publicity which gives Plaintiffs exclusive rights to the use of Dominique Wilkins' name, image, and likeness for financial gain.

3.

By using the name, image, and likeness of Dominique Wilkins in the marketing of its products without agreement or compensation in the State of Georgia and nationwide, Defendant has violated the Lanham Act and is subject to injunctive and monetary penalty.

4.

Similarly, the unauthorized use by Defendant of the name, image, and likeness of Dominique Wilkins in the marketing of its products without agreement or

compensation in the State of Georgia and nationwide – for Defendant's own financial gain, violates Georgia's common law right of publicity. As such, Defendant is subject to monetary penalty.

## THE PARTIES

5.

Dominique Wilkins is a resident and citizen of Rockdale County, Georgia.

6.

Wilkins & Longman Management Group, LLC is a for profit corporation formed under the laws of the State of Georgia. The corporation's registered agent is located in Cobb County, Georgia.

7.

AmeriHealth Partners, LLC is a for profit corporation formed under the law of the State of Florida. The corporation may be served service of process through its registered agent located at its principal place of business – Arthur Fletcher, II, AmeriHealth Partners, LLC, 1582 Airport Blvd., Unit B, Pensacola, Florida 32504.

## JURISDICTION AND VENUE

8.

This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1) because the amount in controversy exceeds $75,000 and the dispute is between citizens of different states.

9.

Additionally, this Court has jurisdiction pursuant to 28 U.S.C. §1331 as some of Plaintiffs' claims arise under section 43 of the Lanham Act, 15 U.S.C. §1125(a)(1). This Court can take supplemental jurisdiction of Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

10.

Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) as a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this district, including the unauthorized use of Dominique Wilkins' name, image and likeness to commercially market products in the State of Georgia. See also LR 3.1(B)(3).

**FACTUAL BACKGROUND**

11.

Dominique Wilkins is a former member of the Atlanta Hawks NBA franchise and was inducted into the Naismith Memorial Basketball Hall of Fame in 2006. During his playing career Mr. Wilkins was a nine-time NBA All-Star and in 2021 has been recognized as one of the greatest NBA players of all time.

12.

Dominique Wilkins known as "The Human Highlight Film" is recognized throughout the world due to his NBA career and current high-profile work as the

4

Atlanta Hawks Vice President of Basketball and color analyst for televised Hawks games.

13.

Throughout his playing career and post-playing career, Mr. Wilkins has carefully built his personal brand through the cautious use of his name, image and likeness and the products and companies he associates with in marketing agreements to maximize the value of his endorsements.

14.

Wilkins & Longman Management Group, LLC (hereinafter "WLMG") is an Atlanta, Georgia based sports management firm. WLMG provides various forms of representation to its client athletes including marketing and endorsement representation.

15.

Dominique Wilkins is a client of WLMG. Since April 2023, WLMG contractually has had the exclusive right to negotiate and enter contracts marketing the name, image and likeness of Dominique Wilkins and derives income based on fees earned through the marketing of its client. James Wilkins, Dominique's brother is the Director of WLMG, and Al Longman is the President of WLMG.

16.

Defendant is a Florida based corporation that acts as a distributor and sales arm for various health industry products. Among the products Defendant acts as a sales agent for is PeptideVite, a supplement that helps with nausea, abdominal discomfort and GLP-1 therapy – in some cases related to gastrointestinal side effects of diabetes. Defendant earns monetary compensation through its sales and marketing of PeptideVite.

17.

It is well known publicly Dominique Wilkins suffers from diabetes. He has been a tireless advocate for treatment and wellness related to diabetes and the symptoms associated therewith. In conjunction with his desire to inform the public about healthy lifestyles living with diabetes, through WLMG, Mr. Wilkins entered into a marketing and endorsement agreement with Genesis Performance Group, LLC regarding PeptideVite. A photograph from the Genesis Performance Group, LLC website, www.knocknausea.com, is attached hereto.



18.

The Plaintiffs have no agreement with Defendant to use Dominique Wilkins'
name, image or likeness in Defendant's sales or marketing efforts of PeptideVite.
Further, there is no agreement between Plaintiffs, Genesis Performance Group, LLC
or any other entity which would allow Defendant to use Dominique Wilkins' name,
image or likeness in any capacity.

19.

In early 2024, it came to Plaintiffs' attention that Defendant was using the
name, image and likeness of Dominique Wilkins to promote its sale of PeptideVite
in the State of Georgia and on a national scale through an agreement with an entity

named Real Value Products. Neither Plaintiff is a party to or beneficiary of the agreement between Defendant and Real Value Products.

20.

The Defendant and Real Value Products announced in national publications it would be placing PeptideVite in over 7400 retail outlets (drug stores, pharmacies etc.…) in articles appearing in the Boston Herald and Yahoo!Finance among other media outlets. Further, the Defendant provided a photograph of Dominique Wilkins for use in conjunction with the media campaign and its marketing of PeptideVite. Below is a photograph from both the November 29, 2023, Boston Herald article and the November 29, 2023, Yahoo!Finance articles.



21.

It appears Defendant used a press release distribution service called AccessWire to facilitate nationwide use of the unauthorized used of the name, image and likeness of Dominique Wilkins in its sales efforts in the State of Georgia and beyond.

22.

At no time prior to its unauthorized use of Dominique Wilkins' name, image or likeness did Defendant request permission or receive permission for such use or compensate Plaintiffs for such use.

23.

Upon information and belief, Defendant benefited monetarily from the unauthorized use of Dominique Wilkins' image to falsely create the impression in consumers Defendant had Mr. Wilkins' endorsement and/or partnership in its nationwide sale and marketing of PeptideVite.

24.

On or about March 25, 2024, Plaintiffs served a cease-and-desist letter on Defendant related to its unauthorized use of the name, image and likeness of Dominique Wilkins in its sale and distribution of PeptideVite. Plaintiffs demanded compensation for the use of the name, image and likeness of Dominique Wilkins up to the date of the cease-and-desist letter and that Defendant immediately stop the use of Mr. Wilkins' likeness.

25.

There has been no substantive response from Defendant, no confirmation or apparent willingness to cease using the image, name and likeness of Dominique Wilkins and no compensation for the unauthorized use to date.

26.

Defendant's unauthorized use of the name, image and likeness of Dominique Wilkins in the sale and marketing to its customers of PeptideVite in Georgia and throughout the country constitutes false endorsement and false advertising under section 43 of the Lanham Act.

27.

Defendant's unauthorized commercial use of the name, image and likeness of Dominique Wilkins in the sale and marketing to its customers of PeptideVite in the State of Georgia and nationwide for financial gain constitutes a violation of Plaintiffs' state common law right of publicity and the commercial value of Dominique Wilkins' name, image and likeness.

28.

The Defendant's actions were intentional, reckless and in spite of the known contractual relationship between Mr. Wilkins and WLMG. The Defendant has not agreed to abate its unauthorized commercial use of Dominique Wilkins' name, image and likeness which constitutes ongoing injury and violations of the Lanham Act and Mr. Wilkins' right of publicity.

29.

Plaintiffs are entitled to at least $250,000 in actual damages for Defendant's unauthorized commercial use of Dominique Wilkins' name, image and likeness in over 7400 retail locations in Georgia and nationwide.

30.

Plaintiffs are entitled to the cost of litigation and attorneys' fees in having to bring this litigation to protect their rights.

## COUNT I.

## VIOLATIONS OF THE LANHAM ACT

## 15 U.S.C. §1125(a)(1)

31.

Plaintiffs incorporate the prior paragraphs 1-30 as if set out fully herein.

32.

Defendant has used the name, image and likeness of Dominique Wilkins in its commercial sales and marketing of the PeptideVite product in the State of Georgia and nationwide without agreement, permission or authorization.

33.

Defendant's unauthorized use of the name, image and likeness of Dominique Wilkins in its commercial sales and marketing of the PeptideVite product nationwide

creates the public impression or belief Defendant has obtained his endorsement of the product or partnership in the product's advertising.

34.

Defendant's unauthorized use of the name, image and likeness of Dominique Wilkins in its commercial sales and marketing of the PeptideVite product nationwide dilutes and devalues the Plaintiffs' interests in the commercial value of the name, image and likeness of Mr. Wilkins.

35.

Defendant's conduct, and refusal to stop said conduct, is a clear violation of the Lanham Act and has injured Plaintiffs in an amount no less than $125,000.00. Plaintiffs are also entitled to attorneys' fees and the expenses of this litigation.

## COUNT II.

## VIOLATIONS OF THE LANHAM ACT

## 15 U.S.C. §1125(a)(1)

## (Injunctive Relief)

36.

Plaintiffs incorporate the prior paragraphs 1-35 as if set out fully herein.

37.

Defendant has used the name, image and likeness of Dominique Wilkins in its commercial sales and marketing of the PeptideVite product nationwide without

agreement, permission or authorization. A cease-and-desist letter was served on Defendant on or about March 25, 2024; however, on Plaintiffs' information and belief, the Defendant has refused to stop the unauthorized use of Dominique Wilkins' name, image and likeness.

38.

Defendant's unauthorized use of the name, image and likeness of Dominique Wilkins in its commercial sales and marketing of the PeptideVite product nationwide creates the public impression or belief Defendant has obtained his endorsement of the product or partnership in the product's advertising when there is no such agreement authorizing said use.

39.

Defendant's unauthorized use of the name, image and likeness of Dominique Wilkins in its commercial sales and marketing of the PeptideVite product nationwide dilutes and devalues the Plaintiffs' interests in the commercial value of the name, image and likeness of Mr. Wilkins.

40.

Defendant's conduct, and refusal to stop said conduct, is a clear violation of the Lanham Act and Plaintiffs are entitled to an immediate injunction directing the Defendant cease said unauthorized use of the name, image and likeness of Mr. Wilkins.

## COUNT III.

## STATE LAW CLAIM OF RIGHT OF PUBLICITY

### 41.

Plaintiffs incorporate the prior paragraphs 1-40 as if set out fully herein.

### 42.

Defendant has, without permission, agreement or compensation, misappropriated the name, image and likeness of Mr. Wilkins in its national advertising campaign for its own financial gain.

### 43.

In the State of Georgia, Mr. Wilkins enjoys the absolute right to authorize or restrict the use of his name, image and likeness in commercial enterprise. WLMG also has the right to control the name, image and likeness use of Mr. Wilkins pursuant to its exclusive contract securing its right to negotiate, authorize and profit from marketing Mr. Wilkins.

### 44.

Both Mr. Wilkins and WLMG have made great effort to carefully craft marketing opportunities for Mr. Wilkins and the commercial use for pecuniary gain of his name, image and likeness.

45.

The Defendant's unauthorized use of Dominique Wilkins' name, image and likeness – without compensation, for its own profit violates Georgia common law and rights held by the Plaintiffs.

46.

As a direct result of the Defendant's intentional and reckless conduct, the Plaintiffs have not been compensated for the use of the name, image and likeness of Dominique Wilkins while Defendant has profited.

47.

Plaintiff is entitled to damages in an amount no less than $125,000.00, attorneys' fees and expenses of litigation. Plaintiffs reserve the right to seek additional damages at trial, including exemplary or punitive damages based on the intentional conduct of Defendant.

WHEREFORE Plaintiffs pray that the Court take the following actions:

a.  Immediately and permanently enjoin Defendant from the continued use of Dominique Wilkins' name, image and likeness in any manner pursuant to the terms and condition of section 43 of the Lanham Act;

b.  Issue a summons so that service of process may be had upon the Defendant;

c.  Award Plaintiffs $250,000 in total compensatory damages;

d.  Award any other monetary relief the Court deems appropriate, including but not limited to attorneys' fees, exemplary damages for intentional conduct and expenses of litigation;

e.  Conduct a trial by jury as to any claims which remain.

Submitted the 6th day of May 2024.

HOTCHKISS HOFFECKER PEACOCK, LLC

/S/ Charles Hoffecker
Charles Hoffecker
Georgia Bar No.: 359615
Attorney for Plaintiffs

1201 Peachtree Street, NE
Suite 2000
Atlanta, Georgia 30361
(404) 885-7576
chad@hhpatlanta.com

POTTER LAW, LLC

/S/ Donovan Potter, Sr.
Georgia Bar No.: 361083
Attorney for Plaintiffs

1800 Peachtree Rd., NW
Suite 300
Atlanta, Georgia 30309
(404) 510-4527
dpotter@potterlawllc.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing pleading was prepared using Times New Roman, 14-point, and otherwise conforms with the requirements of Local Rule 5.1.

This the 6th day of May 2024.

HOTCHKISS HOFFECKER PEACOCK, LLC

 /S/ Charles Hoffecker                                    
Charles Hoffecker
Georgia Bar No.: 359615